UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                        :
UNITED STATES OF AMERICA                :
                        :
          -v-                      :        19-CR-906 (JMF)
                        :
ORLANDO MERCADO,                   :        MEMORANDUM OPINION
                        :                    AND ORDER
              Defendant.          :
                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Orlando Mercado is detained at the Metropolitan Correctional Center ("MCC"), awaiting trial on charges of discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii), and 2; and possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Mercado now moves for release on bail pursuant to 18 U.S.C. § 3142. *See* ECF No. 21. The Government opposes his motion. *See* ECF No. 23. On May 27, 2020, the Court held a telephonic hearing with counsel. *See* ECF No. 26.

       Upon review of the parties' submissions and the arguments of counsel, and after consultation with Pretrial Services, the Court denies Mercado's motion, substantially for the reasons stated by the Government in its opposition. First, in view of the nature and seriousness of the current charges, Mercado's sentencing exposure, his lengthy criminal record, his long history of bench warrants (in many instances for failure to appear), and his serious drug abuse problems, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also id.* § 3142(g).

Whether, in light of the COVID-19 pandemic, the Court should grant Mercado temporary release pursuant to 18 U.S.C. § 3142(i) is a closer question.  That Section provides that a court "may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  *See also United States v. Perez*, No. 19-CR-297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting release pursuant to Section 3142(i) in light of COVID-19).  As the Court explained in connection with a prior motion for temporary release filed by Mercado's co-defendant, however, "[i]n considering whether there is a 'compelling reason' for a defendant's release under this provision . . . , a court must 'balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case.  The current COVID-19 pandemic does not mean that every defendant is entitled to release."  *United States v. Gonzalez*, No. 19-CR-906 (JMF), 2020 WL 1911209, at *1 (S.D.N.Y. Apr. 20, 2020) (internal quotation marks omitted).

Applying that analysis here after conferring with Pretrial Services, the Court concludes that Mercado's motion should be denied.  Mercado fails to demonstrate that temporary release is "necessary" for the preparation of his defense because, among other things, trial is unlikely to occur for many months.  *Cf. United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (concluding that temporary release was justified in part to enable the defendant to prepare for an evidentiary hearing scheduled for six days later).[1]  And Mercado

---

[1] Trial is currently scheduled to begin on September 9, 2020.  The unfortunate reality, however, is that trial is unlikely to begin then — and may not begin for many months thereafter.  To the extent that jury trials resume by September — and there is considerable doubt that they

2

fails to demonstrate that, balancing the reasons advanced for release against the risks posed by release, there is "another compelling reason" favoring release.  Put simply, the risks that he faces from continuing detention — which are undoubtedly higher than the Government acknowledges, but not as high as other inmates with indisputably high-risk conditions — are outweighed by the risks of flight and danger to the community, particularly given the limited options available to ensure that Mercado receives both the level of supervision he requires and the drug treatment that he needs in a safe manner.  That conclusion is based on the nature of the present charges (which include allegations that Mercado was involved in a drug-trafficking-related shooting) and Mercado's lengthy criminal history, which includes over forty arrests, including many that occurred while he was on parole or pretrial release.

      Accordingly, notwithstanding the Court's view that "the best — perhaps the only — way to mitigate the damage" that COVID-19 is likely to cause in jails and prisons "is to decrease the jail and prison population by releasing as many people as possible," *United States v. Nkanga*, 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), Mercado's motion for bail is DENIED.  The Clerk of Court is directed to terminate ECF No. 21.

      SO ORDERED.

Dated: May 28, 2020
      New York, New York

                                                      JESSE M. FURMAN
                                                      United States District Judge

---

will — there are likely to be many more cases ready for trial than there are courtrooms available in which to safely conduct a jury trial.  The Court does not yet know where this case would fall in the queue, but it may be many months before trial could occur.